[No. 48387-1-I.   Division One.   August 19, 2002.]

LESLEY MUMA, *Respondent*, v. ANTHONY MUMA, *Appellant*.

*Richard L. Pope, Jr.*, for appellant.

*Jennie R. Laird* (of *Columbia Legal Services*), for respondent.

PER CURIAM — Anthony Muma seeks review of a domestic violence protection order obtained by his ex-wife, Lesley Muma. He contends on appeal that the electronic monitoring remedy available in RCW 26.50.060(1)(i) renders the domestic violence protection order proceedings criminal in nature, entitling respondents to the full panoply of procedural rights that attach to criminal proceedings. Because those protections were not provided to him, he claims that

he was denied due process. He further contends that the doctrine of res judicata bars Ms. Muma from seeking any protection order because the same grounds were asserted in support of a prior protection order that had expired. Finally, he argues that the protection order is barred by the general two-year statute of limitations because no acts of domestic violence are alleged to have occurred during that period.

I

Anthony Muma and Lesley Muma married in 1981. They had three children: Crystal, Craig and Corey.[1] The Mumas filed a joint petition for dissolution in March 1995 and separated. Lesley Muma moved into an apartment with the three children.

Mr. Muma was arrested in August 1995 for acts of domestic violence against Ms. Muma and subsequently convicted pursuant to guilty pleas in November 1995. He was sentenced to one year in jail. On September 21, 1995, Ms. Muma petitioned for a protection order on behalf of herself and her children. On October 5, 1995, a hearing was held and a protection order was granted. The order purported to have an expiration date of October 5, 2000.

Ms. Muma negotiated with Mr. Muma through his attorney and an agreed dissolution and an agreed parenting plan were entered in March 1996. The parenting plan provided for a gradual resumption of contact between the father and children after his release from jail.

On August 25, 1998, an amended parenting plan was filed following an eight-day trial. The court found that Mr. Muma's acts of violence against his family included: punching Ms. Muma in the head and rendering her unconscious; forcing her to the floor in "choke holds" and a "thumb hold" which he learned in his capacity as a police officer, the latter causing Ms. Muma to need surgery on her thumb; chasing Ms. Muma through the house brandishing an axe; holding

---

[1] Crystal Muma has turned 18 since the inception of this appeal so that the protection order and parenting plan no longer apply to her.

Corey at the top of the stairs and threatening to throw him down; holding a gun to his own head in front of the children; kicking Ms. Muma down the stairs on multiple occasions; kicking both Crystal and Craig in the torso; and pulling Crystal around the room by her hair. The amended parenting plan prohibits Mr. Muma from having any contact with his three children until the children reach age 18 and initiate contact with their father. The plan, however, provides that if Mr. Muma successfully completes specified psychotherapeutic treatment, and if the children in consultation with their therapists determine that they wish to see their father, the court could then approve a reunification plan between Mr. Muma and the remaining minor children.

On October 9, 1999, Crystal Muma was out to dinner with a group of friends. Mr. Muma showed up at the restaurant and approached her. She backed away from him, crying. At the time, both Crystal and her father thought that the October 5, 1995 protection order was still valid.

On December 22, 1999, Ms. Muma petitioned for a new protection order for her three minor children. After a hearing on January 19, 2000, a protection order was entered restraining Mr. Muma from having any contact with his three minor children until January 19, 2001. In January 2001, Ms. Muma petitioned for a new order of protection for herself and her children pursuant to RCW 26.50.030. She based her petition on Mr. Muma's history of domestic violence against her and the children, as found by the court previously in the amended parenting plan judgment entered in 1998; his seven criminal convictions for domestic violence-related crimes against his family; his 1999 contact with Crystal; and other past acts of domestic violence. The most recent act of physical domestic violence on which Ms. Muma relied occurred in June of 1995.

On January 30, 2001, a commissioner found that Ms. Muma's allegations warranted a protection order and entered the current order. The order prohibits contact with Ms. Muma through 2050. In regards to the children, the order states:

The restraint on respondent's contact with his children contained in the Order Re Modification and Parenting Plan entered herein on August 25, 1998, shall remain in full force and effect and all contact between respondent and the children shall be governed by the express language of that document, violation of which is a violation of this protection order.

Mr. Muma then moved for reconsideration of the order. The commissioner denied reconsideration and awarded Ms. Muma $1,000 for having to respond to the motion. Mr. Muma then moved for revision. His motion was denied; however, the award of attorney fees was reversed. Mr. Muma timely appealed the order for protection entered January 30, 2001 and the order denying reconsideration entered March 8, 2001.

## II

Mr. Muma argues that the electronic monitoring remedy available in RCW 26.50.060(1)(i) makes the domestic violence protection order proceedings criminal in nature, entitling respondents to the full panoply of protections that attach to criminal proceedings. Since those protections were not provided to him, he claims that he was denied due process. We decline to address the issue because Mr. Muma lacks standing.

Under RCW 26.50.060(1)(i), the court may

(i) Require the respondent to submit to electronic monitoring. The order shall specify who shall provide the electronic monitoring services and the terms under which the monitoring must be performed. The order also may include a requirement that the respondent pay the costs of the monitoring. The court shall consider the ability of the respondent to pay for electronic monitoring; . . .

"Electronic monitoring" is defined under the statute as "a program in which a person's presence at a particular location is monitored from a remote location by use of

electronic equipment."[2] Ms. Muma did not seek electronic monitoring of Mr. Muma and the court's order did not provide for it.

■ ■ As a general rule, a person has standing to challenge the constitutionality of government action only as applied to his or her conduct.[3] "[O]ne who seeks to challenge the constitutionality of a law or other governmental action . . . must show that the particular action complained of has operated to his prejudice."[4] While it is true that criminal defendants may facially challenge a penalty that was available but not actually ordered in their case,[5] Mr. Muma was not a criminal defendant in this matter. Because the electronic monitoring portion of chapter 26.50 RCW was not requested as a form of relief and was not ordered as a remedy, Mr. Muma lacks standing to bring this due process challenge and his related double jeopardy claim.

■ We next consider Mr. Muma's argument that because Ms. Muma failed to seek a renewal of the October 5, 1995 protective order, she cannot now seek a protective order because it is barred by the doctrine of res judicata. We refuse to apply that doctrine here.

Pursuant to RCW 26.50.060(3), a petition for renewal may be filed at any time within the three-month period before the order expires. Ms. Muma petitioned for a new protective order after the expiration of the previous order.

The purpose of res judicata is to ensure the finality of judgments.[6] But the domestic violence issues between Mr. Muma and their children have not been fully litigated to their finality. As Ms. Muma's most recent petition for an order of protection shows, there is a current fear of Mr.

---

[2] RCW 26.50.010(6).

[3] *City of Tacoma v. Luvene*, 118 Wn.2d 826, 840, 827 P.2d 1374 (1992).

[4] *MacLean v. First N.W. Indus. of Am., Inc.*, 96 Wn.2d 338, 347, 635 P.2d 683 (1981).

[5] *Winchester v. Stein*, 135 Wn.2d 835, 847, 959 P.2d 1077 (1998).

[6] *Hayes v. City of Seattle*, 131 Wn.2d 706, 711, 934 P.2d 1179, 943 P.2d 265 (1997).

Muma. This fear was no doubt renewed by Mr. Muma's act in contacting Crystal in direct violation of the parenting plan's requirements. As the title of the act indicates— Domestic Violence Prevention—the legislature has made it clear that the intent of chapter 26.50 RCW is to prevent acts of domestic violence. We refuse to construe the law so as to require that Ms. Muma wait until Mr. Muma commits further acts of violence against her or their children in order to seek an order for protection.

■ We next consider Mr. Muma's contention that the current protection order is invalid with regard to the children because it purports to extend the order beyond one year. Mr. Muma correctly notes that under RCW 26-.50.060(2), a protection order may not restrain a respondent's contact with his or her own minor children, unless it is entered for a fixed period of one-year or less. The protection order here is purportedly effective until January 30, 2050, and although it is logically limited to the expiration of the parenting plan when each of the children reaches the age of majority, it clearly exceeds the one-year requirement. But Mr. Muma cites no authority for his proposition that the protective order is invalid because it purports to extend beyond one year. The order was valid pursuant to RCW 26.50.060(2) until it expired on January 30, 2002.

■ Finally, we turn to Mr. Muma's argument that the protection order is barred because a two-year statute of limitations applies to chapter 26.50 RCW. Because Mr. Muma failed to timely raise this issue below, we decline to consider it.[7]

For the above mentioned reasons, we affirm.

Review denied at 149 Wn.2d 1029 (2003).

---

[7] RAP 2.5(a). Mr. Muma first raised this issue in a brief in support of his motion for reconsideration below. This is not timely. *Wesche v. Martin,* 64 Wn. App. 1, 6-7, 822 P.2d 812 (1992).