# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KAREN L. FISCHER, | No. 49471-0-II |
| Respondent, | |
| v. | |
| BRUCE A. FISCHER, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Bruce Fischer appeals the trial court's 2016 order that renewed and extended Karen Fischer's protection order against him. We conclude that the trial court did not err in renewing and extending the order, but we remand for the trial court to issue a new order to specify all of the current terms of the order, including that the parties' adult children are excluded from the order. We affirm.

## FACTS

Bruce and Karen married in 1992.[1] *In re Marriage of Fischer*, noted at 151 Wn. App. 1043, 2009 WL 2469282, at *1. They have two children, Christina and Ryan, who are now adults.

In July 2006, when the parties separated, Karen obtained a temporary domestic violence protection order to restrain Bruce from contacting her or their minor children. *Fischer*, 2009 WL 2469282, at *1. On August 11, the court reissued the order but modified it to allow Bruce to have weekly supervised visitation with the children.

---

[1] Because the parties have the same last name, we use their first names for ease of reading. We intend no disrespect.

On August 18, the trial court entered a one-year protection order, restraining Bruce from contacting Karen or their children, but allowing weekly supervised visitation. The court also ordered Bruce to complete domestic violence treatment.

In October 2007, after a five-day trial, the trial court dissolved the parties' marriage and entered a final parenting plan. *Fischer*, 2009 WL 2469282, *1-2. The court found that Bruce had a history of domestic violence and ordered him to complete domestic violence treatment. *Fischer*, 2009 WL 2469282, at *2-3.

Bruce appealed and we affirmed the trial court's rulings. *Fischer*, 2009 WL 2469282, at *5.

Since entering the August 18, 2006 protection order, the trial court has renewed it every year, and has modified and amended it several times. Renewals pertinent to this appeal are addressed below.

In July 2014, at a hearing on Karen's petition for renewal, the trial court found that Bruce did not complete his domestic violence treatment and granted the renewal. The order stated:

> The terms of the Order for Protection entered on **08/18/2006 (and any modifications thereof)** and renewed and shall expire on **7/30/2015 as to the Petitioner and minor child, Ryan Michael Fischer (Christina Fischer has turned 18 and is no longer subject to this Order).**

Clerk's Papers (CP) at 580.

In July 2016, Karen again filed a petition to renew the protection order. The petition stated that she wanted to renew the order because Bruce "chose not to complete domestic violent treatment as required by the court" and made "no progress in trying to obtain the treatment required." CP at 593. She also stated that Bruce did not "acknowledge responsibility." CP at 593. She marked the box on the petition indicating, "I want this order to remain effective longer than

one year because the respondent is likely to resume acts of domestic violence if the order expires in a year." CP at 593.

Bruce responded that over a decade had passed without incident since the first temporary order was entered "based on no verifiable acts, facts, evidence or history." CP at 595. He also stated that he had no desire to contact Karen. Bruce added that he refused to attend any domestic violence treatment "simply to appease a grudge filled ex wife." CP at 596. He asked the court to specify in the order that there were no longer minor children subject to the order.

On July 29, the trial court granted Karen's petition for renewal and extended it 20 years. The order stated:

> The terms of the Order for Protection entered on **8/18/2006** are renewed and shall expire on **July 29, 2036**. If the duration of this order exceeds one year, the court finds that an order of less than one year will be insufficient to prevent further acts of domestic violence.

Order on renewal of order for protection attached to Notice of appeal filed Aug. 4, 2016. The order required that a copy be forwarded to Pierce County Sheriff's Office to be entered into its computer system used to list outstanding warrants.

Bruce appeals the July 29, 2016 order.

ANALYSIS

I.   INCORRECT ORDER RENEWED

Bruce argues that the trial court erred by renewing the protection order because it was not the most current order of record and because it erroneously includes the parties' two adult children. Karen understood that the renewed protection order covered only herself, not their adult children. We conclude that the trial court did not err, but remand to clarify the order.

When a minor child covered under a protection order turns 18 years old, the order no longer applies to him or her. *Muma v. Muma*, 115 Wn. App. 1, 3 n.1, 60 P.3d 592 (2002). The trial court

3

clearly understood this tenet when it renewed the protection order in 2014. That renewal order expressly stated that the adult children were no longer covered.

Any confusion that may arise is because the July 2016 order stated that the trial court was renewing the protection order entered on August 18, 2006. It does not mention that the original order had been amended and modified numerous times. However, it is clear to us and to Karen that the July 2016 order only applies to Karen, not the parties' adult children.

We conclude that the trial court did not err by renewing the protection order. Nevertheless, because a copy of the order is forwarded to law enforcement and because we wish to avoid any confusion, we remand to the trial court to clarify the specific terms of the order to expressly exclude the parties' adult children.

II.    "LEGAL JEOPARDY"

Bruce next argues that there has never been a basis for a finding of domestic violence in this case and that the trial court erred by continuing to put him in "legal jeopardy." Br. of Appellant at 8. He seems to argue that by ordering him to domestic violence treatment, the trial court violated his Fifth Amendment rights, and implicated his rights under the Second, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

Bruce also asserts that Thurston County Superior Court "has demonstrated a determination of creating one and only one result despite the evidence provided to the court over the last decade." Br. of Appellant at 9. He argues that Karen's confidential address puts him in "legal peril and jeopardy" because there is no way to know when he could possibly violate the protection order. Br. of Appellant at 10.

We do not consider these issues. In general, self-represented litigants (SRL's) are held to the same standard and rules of procedure as attorneys. *In re Marriage of Olson*, 69 Wn. App. 621,

626, 850 P.2d 527 (1993). We are, therefore, not required to search the record to locate the portions relevant to a litigant's arguments. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). Nor are we required to consider issues unsupported by legal authority or substantive argument. RAP 10.3(a)(6); *In re Marriage of Fahey*, 164 Wn. App. 42, 59, 262 P.3d 128 (2011).

Bruce asserts a number of constitutional violations, but provides no legal authority or substantive argument. Nor does he provide citations to relevant portions of the record that support his arguments. The citations to the record he does provide are not on point with his assertions, and one directs this court to materials outside the record. Accordingly, we do not consider these arguments.

III.    RENEWAL AND EXTENSION OF THE PROTECTION ORDER

Bruce next argues that the trial court erred by renewing the protection order by ignoring substantial changes in circumstances between the parties and by refusing to apply In re Marriage of *Freeman*, 169 Wn.2d 664, 239 P.3d 557 (2010), in its determination. He also argues that the trial court misapplied other statutes because turning Karen's temporary order into a permanent 20-year order "criminaliz[es]" him. Br. of Appellant at 15.

Regarding his argument that extending the protection order criminalizes him, Bruce cites to no legal authority, other than the RCW on renewing protection orders. Therefore, we do not consider it. RAP 10.3(a)(6); *Fahey*, 164 Wn. App. at 59.

As to the other issues Bruce raises, we conclude that he conflates the law on renewing versus terminating protection orders, and that the trial court did not err when it renewed and extended the order.

A.    RENEWAL AND EXTENSION WAS PROPER

We review an order renewing or extending a protection order for an abuse of discretion. *Barber v. Barber*, 136 Wn. App. 512, 516, 150 P.3d 124 (2007).  A trial court abuses its discretion if its decision was exercised on untenable grounds or untenable reasons, or if its decision was reached by applying the wrong legal standard.  *Juarez v. Juarez*, 195 Wn. App. 880, 890, 382 P.3d 13 (2016).

Provisions in RCW 26.50.060 govern renewals and extensions of protection orders.  In a petition to renew or extend a domestic violence protection order, the petitioner must state the reasons for seeking a renewal.  RCW 26.50.060(3).  Although the statute does not require a new act of violence, the petitioner must show past abuse and present fear.  *Barber*, 136 Wn. App. at 516.

When the petitioner meets these requirements, the statute requires the trial court to grant the petition for renewal "unless the respondent proves by a preponderance of the evidence that the respondent will not resume acts of domestic violence against the petitioner . . . when the order expires."  RCW 26.50.060(3).  The court may decide to renew the protection order for another fixed period of time or enter a permanent protection order.  RCW 26.50.060(3).

In her July 2016 petition, Karen stated that she wanted to renew her protection order because Bruce had not completed or tried to obtain court ordered domestic violence treatment and because he refused to  acknowledge responsibility.  She asked the court to extend the order because Bruce was "likely to resume acts of domestic violence if the order expires in a year."  CP at 593.

Karen's renewal motion referenced Bruce's ongoing refusal to obtain domestic violence treatment and her belief that he would likely resume acts of domestic violence if the order expired in a year.  This demonstrates past abuse and present fear.

Bruce did not appear for the hearing, but did submit a written response. However, Bruce did not show by a preponderance of the evidence that he would not resume acts of domestic violence against Karen when the one-year protection order expired. Instead, he denied the trial court's findings that he committed acts of domestic violence and blatantly ignored the court-ordered requirement of domestic violence treatment.

The record is clear as to the trial court's findings regarding Bruce's history of domestic violence and that Bruce has not yet completed court-ordered treatment. Therefore, we conclude that the trial court did not abuse its discretion when it renewed and extended the protection order.

B.      *FREEMAN* AND RCW 26.50.130 DO NOT APPLY

As to Bruce's argument that we should consider the language in RCW 26.50.130 regarding "substantial changes in circumstances," Bruce conflates the law concerning protection order renewals and permanent protection order terminations. Br. of Appellant at 11.

RCW 26.50.130 applies to a trial court's decision to modify or terminate a permanent protection order, not to renew or extend a protection order. The statute provides that "[u]pon a motion with notice to all parties and after a hearing, the court may modify the terms of an existing order for protection or may terminate an existing order for protection." RCW 26.50.130(1). A trial court may not terminate a permanent protection order upon a motion unless the respondent provides, by a preponderance of the evidence, that there has been a "substantial change in circumstances such that the respondent is not likely to resume acts of domestic violence against the petitioner." RCW 26.50.130(3)(a).

Bruce also argues that *Freeman* should be applied in this case. But *Freeman* concerned a trial court's denial of a respondent's motion to modify or terminate a permanent protection order. 169 Wn.2d at 667. In that case, the respondent filed a motion to modify or terminate a permanent

protection order that had been in place for eight years. *Freeman*, 169 Wn.2d at 668-69. *Freeman* outlined 11 factors to guide a trial court's decision to terminate a permanent protection order. 169 Wn.2d at 673.

Here, RCW 26.50.130 and *Freeman* do not apply because Bruce never filed a motion to terminate the permanent protection order.[2] Because the trial court did not abuse its discretion in renewing and extending the protection order, and because RCW 26.50.130 and *Freeman* are inapplicable to this case, we conclude that the trial court did not err.

IV.     VIOLATION OF U.S. & WASHINGTON STATE CONSTITUTIONS

Bruce next argues that the trial court erred by ignoring the U.S. and Washington State Constitutions and by failing to honor its oath of office and judicial canons when it renewed the protection order. He argues that the order unduly limits his rights and freedoms because it is being used as a punitive mechanism to "compel false admissions and participation in" the domestic violence treatment program, and because it requires him to be included in a law enforcement database. Br. of Appellant at 17. He also argues that the trial court violated his due process rights when it did not publish "special proceeding" rules. Br. of Appellant at 19.

We do not consider the issues. Bruce references Article 1 § 3 of the Washington State Constitution, but otherwise provides no citations to legal authority or substantive arguments regarding his assertions that the trial court violated the U.S. and Washington Constitutions and that the order unduly limits his rights and freedoms. RAP 10.3(a)(6); *Fahey*, 164 Wn. App. at 59.

---

[2] Even if Bruce did file such a motion and provide notice, our record is insufficient to determine the issue because no one filed the necessary and relevant transcripts of the hearing with this court. RAP 9.2; *Favors v. Matzke*, 53 Wn. App. 789, 794, 770 P.2d 686 (1989).

Regarding Bruce's argument that the trial court did not publish special proceeding rules thereby violating his due process rights, Bruce cites to *Scheib v. Crosby*, 160 Wn. App. 345, 249 P.3d 184 (2011), and *S. Stevedoring Co., Inc. v. Voris*, 190 F.2d 275 (5th Cir. 1951). But neither case is relevant nor supportive of his argument.

*Schieb* provided that protection orders obtained pursuant to the Domestic Violence Prevention Act (DVPA) are considered "special proceedings," therefore, the trial court retained inherent authority and discretion to decide the nature and extent of any discovery under the DVPA. 160 Wn. App. at 352–53. *S. Stevedoring Co.* provided that administrative agencies are relieved from adhering to strict common law rules of evidence, but that their hearings must be conducted consistent with due process of law. 190 F.2d at 277.

Neither case has bearing on Bruce's assertion. Additionally, Bruce has not provided a factual record to support his argument. We, therefore, conclude that the trial court did not err.

V.    VIOLATION OF FEDERAL LAW

Lastly, Bruce assigns error to the trial court's alleged violation of 42 U.S.C. § 1983 (civil action for deprivation of rights) and 18 U.S.C. § 241 (conspiracy against rights).

Bruce cites to and quotes the federal law he references, but provides no citation to the record and no substantive argument as to how the trial court violated these laws by renewing and extending Karen's protection order. As discussed above, we are not required to search the record to locate the portions relevant to a litigant's arguments, and it should decline to do so here. *Cowiche*, 118 Wn.2d at 819. Nor are we required to consider issues unsupported by legal authority or substantive argument. RAP 10.3(a)(6); *Fahey*, 164 Wn. App. at 59.

Because Bruce fails to provide substantive argument, citations to supporting legal authority, and citations to relevant portions of the record, we do not consider the issue.

49471-0-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, P.J.

_____
Sutton, J.