[No. 34433-5-II.   Division Two.   January 3, 2007.]

TARIE L. BARBER, *Respondent*, v. BRUCE R. BARBER, *Appellant*.

*John S. Mills*, for appellant.

*Kevin G. Rundle* (of *YWCA Pierce County*), for respondent.

¶1 BRIDGEWATER, J. — Bruce R. Barber appeals an order extending a one-year protection order against him, claiming

that Tarie L. Barber failed to make a factual showing sufficient to merit an extension and thus the superior court erred. We decline to extend the reasoning in *Hough v. Stockbridge*, 113 Wn. App. 532, 54 P.3d 192 (2002), *rev'd on other grounds,* 150 Wn.2d 234 (2003), which dealt with the antiharassment statute, chapter 10.14 RCW, to domestic violence protection orders. A new act of domestic violence is not required to obtain an extension of a protection order. Because petitioner made a showing of both past abuse and present fear of injury, she satisfied the statutory requirements and thus we find no abuse of discretion. We affirm.

¶2 On December 30, 2004, Tarie obtained a protection order against Bruce.[1] The order explicitly stated that it would expire on December 30, 2005. On that day, Tarie filed a petition for renewal of the protection order. Attached to the petition was a declaration in which Tarie stated:

> I reaffirm my prior testimony in this case and incorporate it herein by reference. I need to renew my protection order against Bruce Barber due to his physical violence inflicted upon me for years. He was physically abusive with me during our marriage and has been since our divorce and I desperately fear bodily harm, if not death, will come to me without this protection order. He has had absolutely no regard of people being present to witness his violence towards me and believe that would resume without this order. Bruce found a way to sidetrack the order by contesting it during 4 different court hearings over the last year, which also further proves to me that he will continue to seek to abuse me in whatever way he can get away with.

Clerk's Papers at 16.

¶3 After a hearing, the superior court granted the petition, renewed the protection order, and made it permanent.

¶4 Bruce contends that the superior court commissioner erred in granting the petition for renewal and making the order permanent because Tarie failed to present any evidence or allegations other than those the court considered when it first granted a one-year protection order.

---

[1] We use the parties' first names for ease of reading and intend no disrespect.

¶5 RCW 26.50.060(3) provides:

> If the court grants an order for a fixed time period, the petitioner may apply for renewal of the order by filing a petition for renewal at any time within the three months before the order expires. *The petition for renewal shall state the reasons why the petitioner seeks to renew the protection order.* Upon receipt of the petition for renewal the court shall order a hearing which shall be not later than fourteen days from the date of the order. . . . *The court shall grant the petition for renewal unless the respondent proves by a preponderance of the evidence that the respondent will not resume acts of domestic violence against the petitioner or the petitioner's children or family or household members when the order expires.* The court may renew the protection order for another fixed time period or may enter a permanent order as provided in this section. The court may award court costs, service fees, and reasonable attorneys' fees as provided in *subsection (1)(f) of this section.

(Emphasis added.)

¶6 In *Hough*, 113 Wn. App. 532, we examined the anti-harassment statutes in chapter 10.14 RCW. In examining essentially identical language, we observed, "Before the respondent's burden of proof arises, a petitioner must first meet his initial burden to 'state the reasons why the petitioner seeks to renew the protection order.' " *Hough*, 113 Wn. App. at 542 (quoting RCW 10.14.080(5)). "The Houghs made only conclusory allegations in their motion." *Hough*, 113 Wn. App. at 542. The Houghs gave the following reason for seeking a permanent order:

> "because their actions continue to indicate a propensity for illegal and un-civil behavior which is likely to result in future unlawful harassment of the petitioners. This propensity is indicated by actions such as verbally and visually taunting the petitioner and threatening the petitioner by swerving their automobile over the center of the road when approaching the petitioner's oncoming vehicle. We also request that the Stock-bridges['] minor children be included as additional respondents on said permanent order."

*Hough*, 113 Wn. App. at 541 (alteration in original) (quoting Mot. to Reconsider, Ex. II).

¶7 In *Spence v. Kaminski*, 103 Wn. App. 325, 12 P.3d 1030 (2000), Division Three of this court examined the statute presently before us and concluded that the petitioner need not show a recent act of domestic violence and that a past history of abuse or threatened abuse plus a present fear of the abuser was sufficient. *Spence*, 103 Wn. App. at 332-33. The court found that petitioner had shown the alternative statutory definition of domestic violence, "infliction of fear of imminent physical harm," set out in RCW 26.50.010(1). The court observed:

> While much of the evidence presented at the hearing concerned past acts and threats, the court found that the continuing relationship of the parties, who still struggled over custody issues, presented ongoing opportunities for conflict. Additionally, the court stated at the hearing that Ms. Spence exhibited fear of her ex-husband. Her credibility is not reviewable by this court. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). The history of abuse and the court's belief that Ms. Spence fears future abuse are sufficient to persuade a rational person that she had been put in fear of imminent physical harm.

*Spence*, 103 Wn. App. at 333. Here, in addition to Tarie's declaration set out above, she testified at the renewal hearing:

> I have a Protection Order against Bruce Barber because he is violent and has been so for many years, but most recently in front of witnesses. The court system reviewed the proof of my accusations from eyewitnesses and testimony and ruled thusly. . . .
>
> Since the order was rendered, Bruce has sought to defy it in any way possible. . . .
>
> . . . I do need this protection order renewed. Without it, I know he will hurt me again.

Report of Proceedings at 7-8.

¶8 We decline Bruce's invitation to apply *Hough*'s interpretation of the harassment statute to the domestic violence statute. While the language is essentially the same, the purposes served are quite different. For example, the

harassment statute involves behavior that is "a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose." RCW 10.14.020(1). The statute then defines "course of conduct" as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." RCW 10.14.020(2).

¶9 In contrast, the statute here, RCW 26.50.030, requires the petitioner to show the existence of domestic violence, which RCW 26.50.010(1) defines as "(a) Physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members; (b) sexual assault of one family or household member by another; or (c) stalking."

¶10 This statute does not require "a pattern of conduct" or a "continuity of purpose." It follows then that what a petitioner must show in seeking renewal of the original order carries differing evidentiary standards. And we agree with the *Spence* decision that showing past violence and present fear is sufficient. Tarie made such a showing here. Additionally, requiring a new act of domestic violence to support an extension would make an extension superfluous because a new act would plainly support a new order. Additionally, the nature of the harm and the identity of the participants, i.e., acts of violence by family or household members, differs greatly from acts that annoy or harass. The superior court did not abuse its discretion in granting Tarie's petition to renew and make permanent the protection order.

■ ¶11 Bruce argues that Tarie should have appealed the original order if she wanted a permanent order and that by failing to do so, she has waived her right to petition for renewal. But this argument would render the statutory provision superfluous as the renewal provision would never apply. As such, we reject it. *See State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (we interpret and construe statutes

so that all the statutory language is given effect, with no portion rendered meaningless or superfluous).

¶12 Tarie requests attorney fees and costs for having to respond to this appeal under RCW 26.50.060(1)(g) and RAP 18.1. We grant her request; this court's commissioner will decide the amount, provided Tarie complies with RAP 18.1(d).

¶13 Affirmed.

ARMSTRONG and PENOYAR, JJ., concur.