IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ASHLEY NETHERWOOD, | No. 83209-3-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| TIMOTHY BAXTER, | |
| Appellant. | |

DÍAZ, J. — Timothy Baxter, representing himself, appeals an order extending a one-year domestic violence protection order protecting his stepdaughter A.N. Baxter does not establish that the superior court abused its discretion in entering the order. We therefore affirm.

I.    FACTS

Ashley Netherwood and his former girlfriend Rachel Pruett are the parents of A.N., born in 2011. Timothy Baxter later married Pruett and became A.N.'s stepfather. Prior to 2020, Netherwood and Pruett shared custody of A.N. by informal agreement.

On June 19, 2020, Netherwood petitioned the superior court on A.N.'s behalf for a domestic violence order of protection (DVPO), naming Baxter as respondent. In a sworn declaration, Netherwood attested that he believed Baxter had been physically and sexually abusing A.N. and that Pruett was doing nothing to protect her. Netherwood

Citations and pin cites are based on the Westlaw online version of the cited material.

stated that he reported his concerns to Child Protective Services (CPS) and that A.N.'s therapist did so as well. Netherwood also stated that he was concerned for A.N.'s safety because the parenting plan entered in 2016 for Baxter's own biological children included restrictions based on findings that Baxter engaged in "physical, sexual, or a pattern of emotional abuse of a child" as well as "long-term impairment" resulting from substance abuse issues. In a responsive declaration, Baxter denied Netherwood's allegations.

On June 29, 2020, Netherwood filed a petition to enter a parenting plan for himself, Pruett, and A.N. On September 1, 2020, the court entered a temporary parenting plan placing A.N. with Netherwood, giving Pruett visitation on alternating weekends, and requiring her to ensure A.N. has no contact with Baxter. The court also appointed a guardian ad litem (GAL), in part to investigate allegations of abuse and neglect at Pruett and Baxter's home.

On July 27, 2020, a superior court commissioner granted Netherwood's petition and entered a one-year DVPO protecting A.N. from Baxter. The commissioner found that, based on A.N.'s statements of fear of her stepfather, an act of domestic violence occurred, but did not find that he was the source of any concerns of sexual assault or sexualization.

On July 2, 2021, less than a month before it was set to expire, Baxter filed a pro se motion to terminate the DVPO. Baxter argued that the DVPO was no longer warranted in light of changed circumstances since it was entered in July 2020. Specifically, Baxter attested that he and Pruett separated and no longer share a residence, that CPS concluded that he is a "safe person" who poses "no threat" to A.N., and that his 2016

2

parenting plan had been replaced with a new parenting plan that omitted the previously imposed restrictions.

On July 14, 2021, Netherwood petitioned to renew the DVPO for two years based on "the serious nature of the abuse and the long history of physical abuse and substance abuse." He reiterated the basis for the original DVPO and attested that the GAL's interim report recommended that the DVPO be maintained pending a comprehensive psychological evaluation of A.N. In response, Baxter attested that the GAL did not have access to the declarations and evidence he submitted in support of terminating the DVPO when she issued her interim report, including his 2021 parenting plan and the February 2021 CPS report. Netherwood then filed a declaration opposing Baxter's motion to terminate the DVPO and requesting an award of attorney fees for having to respond to it.

A hearing on the cross-petitions for renewal and termination took place on August 2, 2021. Noting that the motion to terminate would be moot if the DVPO is not renewed, the superior court commissioner decided to treat the termination motion "more as an opposition to the petition for renewal."

Counsel for Netherwood argued that renewal was warranted because Baxter failed to prove he would not resume abusing A.N. if the DVPO were to expire. Counsel noted that Baxter provided no evidence that he enrolled in any domestic violence or substance abuse programs and no evidence that he had actually moved out of Pruett's home. Counsel also noted that the GAL recommended that the DVPO remain in place.

Baxter responded that Netherwood's claims were false and unreliable and that he failed to prove A.N. fears him. He further asserted that he plays no parental role in A.N.'s

3

life and that the final CPS report and the 2021 parenting plan weigh against renewing the DVPO.

At the conclusion of the hearing, the commissioner granted Netherwood's petition for renewal and denied Baxter's petition for termination. On August 3, 2021, the commissioner entered an order renewing the DVPO for one year and awarding Netherwood $3000 in attorney fees. On September 10, 2021, a superior court judge denied Baxter's motion for revision and awarded Netherwood an additional $2,332.50 in attorneys' fees. Baxter appealed.

II.    ANALYSIS

As a preliminary matter, Netherwood urges us to dismiss Baxter's appeal based on failure to comply with RAP 10.3. As a pro se litigant, Baxter is bound by the same rules of procedure and substantive law as a licensed attorney. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). An appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Failure to comply with the Rules of Appellate Procedure may preclude appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). However, we liberally interpret our Rules of Appellate Procedure "to promote justice and facilitate the decision of cases on the merits." RAP 1.2. Baxter's appellate brief contains citations to the record and to legal authority, and we are able to glean the substance of his challenges. We decline to dismiss Baxter's appeal on these procedural grounds.

Netherwood also argues that Baxter's appeal should be dismissed as moot because the renewed DVPO expired on July 27, 2022. "Generally, we will dismiss an

appeal where only moot or abstract questions remain or where the issues raised in the trial court no longer exist." Price v. Price, 174 Wn. App. 894, 490, 301 P.3d 486 (2013). A case is not moot, however, when the court can still provide effective relief. Pentagram Corp. v. City of Seattle, 28 Wn. App. 219, 223, 622 P.2d 892 (1981). An expired protection order imposes a "continuing stigma" that can be removed by a favorable decision, thereby providing effective relief. Hough v. Stockbridge, 113 Wn. App. 532, 537, 54 P.3d 192 (2002), reversed on other grounds, 150 Wn.2d 234, 76 P.3d 216 (2003).

Here, unlike Hough, a favorable decision from this court would not fully vindicate Baxter as he does not challenge the original DVPO, and this matter does not raise an issue of continuing and substantial public interest. Hough, 113 Wn. App. at 573. Nonetheless, this court could provide effective relief by cleansing Baxter's record and reputation of the additional stigma of a renewed or second DVPO. And Baxter's challenge to the attorney fee award is plainly not moot. We therefore address the merits of Baxter's claims.

A.  Renewed DVPO

Baxter contends that the superior court erred in denying his motion for revision of the commissioner's order renewing the DVPO for one year. We disagree.

A court commissioner's decision is subject to revision by the superior court. RCW 2.24.050; In re Marriage of Rideout, 150 Wn.2d 337, 351, 77 P.3d 1174 (2003). On a motion to revise, the superior court reviews the commissioner's findings of fact and conclusions of law de novo based on the evidence and issues presented to the commissioner. In re Marriage of Moody, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). On appeal, we review the superior court's ruling, not the commissioner's. RCW 2.24.050;

In re Marriage of Fairchild, 148 Wn. App. 828, 831, 207 P.3d 449 (2009). This court reviews a superior court's ruling on a petition for renewal of a DVPO for an abuse of discretion. Barber v. Barber, 136 Wn. App. 512, 516, 150 P.3d 124 (2007). The decision below will not be disturbed unless it was manifestly unreasonable or based on untenable grounds or reasons. In re Marriage of Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010).

Where, as here, the trial court has weighed the evidence, our role is limited to determining whether substantial evidence supports the court's findings of fact and whether those findings support the court's conclusions of law. In re Marriage of Greene, 97 Wn. App. 708, 714, 986 P.2d 144 (1999). Substantial evidence is a quantum of evidence sufficient to persuade a rational fair-minded person that the premise is true. Wenatchee Sportsmen Ass'n v. Chelan County, 141 Wn.2d 169, 176, 4 P.3d 123 (2000).

At the time Netherwood filed his petition, the Domestic Violence Protection Act (DVPA), former chapter 26.50 RCW, governed civil domestic violence protection order proceedings.[1] In a petition to renew or extend a domestic violence protection order, the petitioner must state the reasons for seeking a renewal. Former RCW 26.50.060(3) (2020). Although the statute does not require a new act of violence, the petitioner must show past abuse and present fear. Barber, 136 Wn. App. at 516. To renew a DVPO, "the victim does not need to prove a new act of domestic violence if the present likelihood of a recurrence is reasonable." Freeman, 169 Wn.2d at 674-75. When the petitioner meets these requirements, the trial court must grant the petition for renewal "unless the respondent proves by a preponderance of the evidence that the respondent will not

---

[1] The DVPA was repealed by 2021 c. 215 § 170, effective July 1, 2022. Its provisions are now codified under Civil Protection Orders, ch. 7.105 RCW.

resume acts of domestic violence . . . when the order expires." Former RCW 26.50.060(3).

Baxter argues that he proved by a preponderance of the evidence he will not resume acts of domestic violence when the DVPO expires because (1) CPS concluded that the abuse allegations were unfounded, (2) he did not violate the DVPO, (3) his supportive declarants do not believe he has ever been abusive to A.N., and (4) Pruett attested that A.N. does not fear him and consents to terminating the DVPO.

The CPS final report does weigh in favor of Baxter's argument. And Baxter and Pruett both attested that they were no longer in a romantic relationship at the time of the renewal hearing, occasioning less contact between A.N. and Baxter, and less opportunity for violations of the existing DVPO.

But Baxter's reliance on declarations submitted in litigating the original 2020 order is misplaced, as they are not relevant to the question of whether he has proved that he will not *resume* acts of domestic violence against A.N. when the DVPO expires. Baxter still personally may disagree with the original DVPO, but he may not relitigate the finding therein that he "committed domestic violence as defined in RCW 26.50.010."

As to Baxter's final argument, Netherwood, not A.N., is the petitioning party who must consent to terminating the DVPO and whose fear for his daughter's safety is evaluated. And, while there is no testimony in the record evidencing A.N.'s subjective ongoing fear, the petitioner need only show, in addition to past abuse, that his present fear for his daughter's safety, i.e., the present likelihood of a recurrence of abuse, is "reasonable." Freeman, 169 Wn. App. at 674-75.

Here, the commissioner found that Netherwood established past abuse and present fear – as former RCW 26.50.060(3) requires -- given that domestic violence was established in the original DVPO and, first, that there is ongoing parenting plan litigation between Netherwood and Pruett.[2] The commissioner, second, expressed concern that Baxter "still continues to downplay the underlying allegations of domestic violence that led to the issuance of the order." Third, the commissioner heard testimony that the GAL in the custody action recommended that the DVPO be maintained pending a comprehensive psychological evaluation of A.N.[3]

We cannot say this decision amounted to an abuse of discretion as manifestly unreasonable or based on untenable grounds or reasons. We defer to the trial court on issues of conflicting evidence, witness credibility, and the persuasiveness of the evidence, Thompson v. Hanson, 142 Wn. App. 53, 60, 174 P.3d 120 (2007), and "[w]e will not substitute our judgment for that of the trial court, even if we might have resolved the factual dispute differently." Nguyen v. City of Seattle, 179 Wn. App. 155, 163, 317 P.3d 518 (2014). The superior court did not abuse its discretion in denying Baxter's motion to revise the commissioner's order renewing the DVPO for one year.

---

[2] Given that the original DVPO expired several days before the August 2, 2021 hearing, the commissioner properly treated Baxter's motion to terminate the DVPO as an opposition to Netherwood's motion for renewal, and properly analyzed the parties' claims under the standard for renewal under former RCW 26.50.060(3). However, the commissioner also analyzed the claims under the standard for termination under former RCW 26.50.130(3)(a). By its express terms, former RCW 26.50.130 applies to orders that are "permanent or issued for a fixed period exceeding two years." The original DVPO lasted for only one year, and had expired by the time the hearing took place. Thus, RCW 26.50.130(3) has no bearing as to whether renewal was warranted.

[3] We note that the GAL's interim report and the February 2021 final CPS report do not appear in the record before us. However, both parties attested to the existence of the reports, and they do not dispute that CPS concluded the allegations were unfounded or that the GAL recommended the DVPO remain in place.

Baxter next argues that he was denied due process at the August 2, 2021 hearing because he was not personally served and did not receive Netherwood's motion, response, declarations, or evidence that Netherwood had filed with the court prior to the hearing.[4] But Baxter did not raise this argument before the commissioner. Instead, it appears that he raised it for the first time in a declaration attached to his motion for revision. Thus, the superior court on revision could not consider it. See RCW 2.24.050 (stating that revision "shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner . . .").

Moreover, even if Baxter was not personally served, he waived the claim. "Waiver is the intentional abandonment or relinquishment of a known right, and intent to waive must be shown by unequivocal acts or conduct which are inconsistent with any intention other than to waive." Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc., 143 Wn. App. 345, 361, 177 P.3d 755 (2008) (citing Mid–Town Ltd. P'ship v. Preston, 69 Wn. App. 227, 233, 848 P.2d 1268 (1993)). The record shows that Baxter received the pleadings via email service prior to the renewal hearing. At the hearing, Baxter did not assert that he was not served or that he was unaware of Netherwood's claims or evidence. On the contrary, Baxter fully participated in the hearing, challenged Netherwood's substantive assertions, and indeed even asked the court for affirmative relief.

Baxter next argues that the court erred in renewing the order of protection because the DVPA only allows "family and household members" to be parties to a DVPO, and he

---

[4] Former RCW 26.50.060(3) required that a petition to renew a DVPO be personally serviced on a respondent not less than 5 days before the hearing.

9

and Netherwood are unrelated and never lived in the same household. He asserts that the order "critically lacks a request for protection" from A.N. Baxter did not raise this claim below and offers no basis for us to review it for the first time on appeal. See RAP 2.5(a). In any case, Baxter is incorrect. Under former RCW 26.50.060, a petitioner may seek a DVPO on behalf of the petitioner's family or household members or minor children. Former RCW 26.50.010(6)(c) (2019) defines "[f]amily or household members" as "persons who have a biological or legal parent-child relationship, including stepparents." Netherwood petitioned for a DVPO on behalf of his daughter A.N., seeking to protect her from her stepfather Baxter. The statute plainly authorized him to do so.

Baxter also asserts that he is protected from accusations of domestic violence because Pruett authorized him to spank A.N. and did so lawfully. But, again, Baxter cannot here relitigate the terms of the original 2020 protection order, which determined that Baxter "committed domestic violence as defined in RCW 26.50.010."

### B. Attorney Fees

Baxter next challenges the superior court's decision to order him to pay Netherwood attorneys' fees. This court reviews a trial court's grant or denial of attorney fees for an abuse of discretion. Freeman, 169 Wn.2d at 671. Baxter appears to argue that the court erred in imposing fees under former RCW 26.50.130(7) (2019), which authorizes a court to require the respondent to pay the petitioner for costs incurred in responding to a motion to terminate or modify a protection order, including reasonable attorneys' fees. Former RCW 26.50.060(1)(g) provides that "[t]he court may award court costs, service fees, and reasonable attorneys' fees" for costs incurred in seeking a DVPO. This provision applies to petitions for renewal. Former RCW 26.50.060(3). Here, the

10

court based its fee award on former RCW 26.50.060(3), not former RCW 26.50.130(7). Baxter's claim fails.

For his part, Netherwood requests attorney fees under former RCW 26.50.060(1)(g) and/or current RCW 7.105.310(1)(j) for having to respond to this appeal. "If attorney fees are allowable at trial, the prevailing party may recover fees on appeal." Aiken v. Aiken, 187 Wn.2d 491, 506, 387 P.3d 680 (2017) (citing RAP 18.1). A court may "require the respondent to . . . reimburse the petitioner for costs incurred in bringing the action, including reasonable attorneys' fees." Former RCW 26.50.060(1)(g); current RCW 7.105.310(1)(j). We grant Netherwood his reasonable attorney fees and costs on appeal, subject to his compliance with RAP 18.1(d).

Affirmed.

_Díaz, J._

WE CONCUR:

_Andrus, C.J._

_Dwyer, J._