IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| HEATHER HUDON OBO HP & SP, | No. 86571-4-I |
| Appellants, | |
| v. | PUBLISHED OPINION |
| NICOLAI PIFFATH, | |
| Respondent. | |

BOWMAN, A.C.J. — Heather Hudon appeals the trial court's refusal to issue an order to surrender weapons (OTSW) as a changed term of her renewed domestic violence protection order (DVPO). She argues the court abused its discretion because the renewed DVPO satisfies the requirements of RCW 9.41.800(2), compelling the court to issue an OTSW. We agree and remand for the trial court to issue an OTSW as a term of the renewed DVPO.

FACTS

Hudon and Nicolai Piffath have two daughters, H.P. and S.P. In January 2022, Hudon petitioned the trial court to modify a temporary DVPO into a permanent DVPO to protect herself, H.P., and S.P. from Piffath. She alleged that Piffath "has threatened to 'end me' and my life as well as repeatedly physically, mentally and medically abused my children." And she requested an OTSW, alleging Piffath "carries firearms" and has a history of "brandishing . . . firearms and knives toward me and the children." Hudon also told the trial court there

were "open" criminal and Child Protective Services investigations into allegations that Piffath committed sexual assault. On February 14, 2022, the trial court granted a one-year DVPO, finding Piffath committed domestic violence and represented a credible threat to the physical safety of Hudon, H.P., and S.P. But the court refused to enter an OTSW.

In January 2023, Hudon moved[1] to renew the DVPO and asked that "the court please ADD language prohibiting [Piffath] from carrying any firearms at least until the criminal case is completed. [Piffath] is dangerous. I'm terrified of him." The trial court renewed her DVPO for one year "without change," again refusing to grant an OTSW.

In January 2024, Hudon moved to renew the DVPO. Later that month, she amended the renewal motion to request that the court issue an OTSW.[2] Piffath opposed the motion, arguing that the DVPO "affects my job and should be dismissed."

On February 5, 2024, the trial court held a hearing on Hudon's motion to renew the DVPO. Hudon argued, among other things, that the court had "adequate cause to issue a weapons surrender." The court granted Hudon's motion to renew the DVPO. Again, it found that Piffath represents a credible threat to Hudon and their children, and it restrained him from harming or

---

[1] Former RCW 26.50.060(3) (2021) called a request to renew a DVPO a "petition for renewal." But the legislature repealed chapter 26.50 RCW effective 2022. LAWS OF 2021, ch. 215. RCW 7.105.405(1) now refers to the request as a "motion to renew."

[2] Hudon also asked the court to remove language from the original DVPO requiring the parties to initiate a family court proceeding and to add language prohibiting Piffath from going certain places near Hudon, H.P., and S.P. Those requests are not at issue in this appeal.

contacting them. But the court again refused to enter an OTSW. It denied the request without prejudice "based on [a] lack of information regarding [Piffath]'s occupation and his requirement for weapons use at work."

On February 15, 2024, Hudon moved the trial court to reconsider its refusal to issue an OTSW, arguing the order is mandatory under RCW 9.41.800(2). Piffath opposed the motion for reconsideration, arguing Hudon presented no new evidence. And he told the court, "If further restrictions are entered, I do not know if this will [a]ffect my employment or not, but it worries me." The court denied Hudon's motion for reconsideration, explaining:

> Based on the evidence presented at the hearing by [Hudon] as well as additional evidence provided by [Piffath] in his response to the motion for reconsideration, the motion for reconsideration is denied. The court declines to modify the original order of protection from 2/14/22.

Hudon appeals.

ANALYSIS

Hudon argues the trial court abused its discretion by refusing to issue an OTSW as a term of the renewed DVPO. Piffath concedes that under RCW 9.41.800(2), the court should have issued an OTSW when it granted Hudon's original petition for a DVPO. But he argues the governing statutory scheme does not support such a change to the DVPO at renewal. We agree with Hudon.

We review an order renewing a DVPO for abuse of discretion. *See Barber v. Barber*, 136 Wn. App. 512, 516, 150 P.3d 124 (2007) (trial court did not abuse its discretion by granting petition to "renew and make permanent" a protection order). A trial court abuses its discretion when its decision is based on untenable

3

grounds or reasons, including applying the wrong legal standard. *Rodriguez v. Zavala*, 188 Wn.2d 586, 598, 398 P.3d 1071 (2017). We review questions of statutory interpretation de novo to give effect to the legislature's intent. *Id.* at 591. But "[p]lain language that is not ambiguous does not require construction." *Id.*

Under RCW 7.105.405(1), a petitioner may move to renew a DVPO "at any time within the 90 days before the order expires." If the court grants the motion to renew, it cannot change the terms of the original protection order "unless the petitioner has requested the change." RCW 7.105.405(7). Here, Hudon timely moved to renew her DVPO and asked the court to change its terms by issuing an OTSW under RCW 7.105.405(7).

Under RCW 9.41.800(2)(c)(ii)(A), a court "shall" enter an OTSW when a party is subject to a court order issued under chapter 7.105 RCW and the order

> (a) Was issued after a hearing of which the party received actual notice, and at which the party had an opportunity to participate, whether the court then issues a full order or reissues a temporary order. . . .
> (b) Restrains the party from harassing, stalking, or threatening an intimate partner of the party, the protected person, or child of the intimate partner, party, or protected person, or engaging in other conduct that would place an intimate partner or protected person in reasonable fear of bodily injury to the intimate partner, protected person, or child; and
> (c)(i) Includes a finding that the party represents a credible threat to the physical safety of the intimate partner, protected person, or child; or
> (ii) By its terms, explicitly prohibits the use, attempted use, or threatened use of physical force against the intimate partner, protected person, or child that would reasonably be expected to cause bodily injury.

RCW 9.41.800(2). When a DVPO meets these elements, the court must order

the respondent to "immediately surrender all firearms and other dangerous weapons." RCW 9.41.800(2)(c)(ii)(A).

Hudon's renewed DVPO satisfies the elements of RCW 9.41.800(2). Piffath received notice of Hudon's motion to renew the DVPO and of her request for an OTSW. And Piffath attended and participated in the renewal hearing. Finally, the renewed DVPO restrains Piffath from harming Hudon, H.P., and S.P., and the court found that he represents a credible threat to them. As a result, RCW 9.41.800(2)(c)(ii)(A) compelled the court to issue an OTSW.[3]

Piffath argues this statutory scheme does not support issuing an OTSW at renewal. According to Piffath, RCW 7.105.405(7) "is not an open invitation to make any change that the petitioner might request." But the language of RCW 7.105.405(7) is broad and unambiguous. The statute expressly authorizes a petitioner to request changes to the terms of a DVPO at renewal. RCW 7.105.405(7). And nothing in the statute restricts the types of changes a petitioner may request. *Id.*

Still, Piffath contends RCW 7.105.500 limits a petitioner's request for changes to a DVPO at renewal.[4] He argues that under RCW 7.105.500(2), any changes must be based on "new evidence" that the court finds "establishes

---

[3] We note that the trial court denied Hudon's request for an OTSW without prejudice based on a "lack of information regarding [Piffath]'s occupation and his requirement for weapons use at work." Because the impact on a respondent's occupation is not a factor for the court to consider under RCW 9.41.800(2), it erred by refusing to issue the OTSW on that basis.

[4] Piffath also argues RCW 7.105.310(1)(m) restricts a trial court from issuing an OTSW at any time other than the original petition. But that statute instructs the trial court to consider whether to issue an OTSW only at the time it issues an original DVPO. *See* RCW 7.105.310(1)(m). It does not restrict a petitioner from requesting an OTSW at renewal. *See id.*

adequate cause to modify the terms of the order." But those restrictions apply to only a "respondent's motion to modify or terminate an existing [DVPO]." *Id.* Hudon is the petitioner, not the respondent. And she requested changes to the terms of the DVPO at renewal; she did not move to modify an existing DVPO. So, the requirements of RCW 7.105.500 do not apply.

Because RCW 7.105.405(7) authorizes a petitioner to request changes to the terms of a DVPO at renewal and Hudon satisfied the elements of RCW 9.41.800(2), the court abused its discretion by refusing to issue an OTSW.[5] We remand for the trial court to issue an OTSW as a term of Hudon's renewed DVPO.

_____, ACJ

WE CONCUR:

_____        _____

---

[5] Hudon also assigns error to the order denying her motion for reconsideration. Because we conclude the trial court erred by refusing to issue an OSTW at renewal, we need not reach that assignment of error.