# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BENROY GEORGE WOLK,<br><br>               Respondent,<br><br>    v.<br><br>BRIAN KRISTOPHER WOLK,<br><br>               Appellant. | No. 60055-2-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, C.J.—In 2021, Benroy Wolk was granted a domestic violence protection order against his son, Brian Wolk. The domestic violence protection order has been renewed twice, and the trial court has entered multiple findings of contempt against Brian. Brian appeals the 2024 renewal of the domestic violence protection order, arguing that the superior court abused its discretion by refusing to accept that Brian had met his mental health evaluation requirement and denying in camera review of his mental health evaluation. Brian also claims that the superior court "escalat[ed]" the extent to which Brian violated the order.[1] Finally, Brian raises arguments that concern the inception of the domestic violence protection order and subsequent contempt findings which he did not appeal, including the requirement that Brian not speak about Benroy as a violation of his freedom of speech. Benroy did not respond.

---

[1] Br. of Appellant at 20.

We hold that the trial court did not abuse its discretion by renewing the domestic violence protection order, as Brian has failed to show that circumstances have changed substantially since the superior court first entered the domestic violence protection order, he has not shown that acts of domestic violence would not resume if the domestic violence protection order were to expire, and the superior court renewed the domestic violence protection order in part because Brian violated the mental health evaluation requirement. We decline to address Brian's other arguments, as he fails to cite authority which supports his assertions and raises issues that are not before us on appeal. Accordingly, we affirm.

FACTS

I. THE 2021 PETITION

In June 2021, Benroy Wolk petitioned for a domestic violence protection order (DVPO) against his adult son, Brian Wolk.[2] According to Benroy, Brian had engaged in multiple actions that caused Benroy "severe trauma and fear." Clerk's Papers (CP) at 325. Brian had reached out to Benroy's neighbors, claiming that Benroy is a pedophile and a sex offender who groomed and raped a minor relative of his late wife, Michelle. According to another of Benroy's neighbors, a man that the neighbor "hypothesized" was Benroy's son was surveilling Benroy's home in May 2021. *Id.* at 408. Benroy testified that in June 2021, Brian drove past his house multiple times and "caused an enormous scene" by screaming and swearing in front of the home. Verbatim Rep. of

---

[2] This was not the first time that Benroy had sought a protection order against Brian—in 2016, Brian came to Benroy's property and struck Benroy's car repeatedly with an ax. Brian also pointed a gun at Benroy and threatened his life during this incident. As a result of Brian's actions, Brian was arrested and Benroy obtained a DVPO against Brian, which expired in 2018. Brian was convicted of harassment, fourth degree assault, and third degree malicious mischief, and was required to surrender all firearms and dangerous weapons.

Proc. (VRP) at 16. Benroy's sister Emilia submitted a declaration that she was "very scared" for Benroy and his children because of derogatory messages that Brian had sent her about Benroy between March and June 2021. CP at 796. Emilia stated that "something is mentally wrong with Brian and he needs help." *Id.* When Brian learned that Benroy was set to receive an award from his alma mater, Brian contacted college faculty and told them that Benroy raped a minor relative of Benroy's late wife. The college then told Benroy that they were rescinding his award. Finally, in 2021, Brian filed a motion to have his right to own a firearm reinstated.

The superior court granted Benroy a two-year protective order (2021 DVPO). The order states that Brian "shall undergo a comprehensive mental health evaluation and participate in any treatment indicated." *Id.* at 3. During the hearing, the court forbade Brian from speaking about his father "and the past" to third parties but did not list that restriction on the order. VRP at 40. Rather, the order prevents Brian from "harassing, threatening, or stalking" Benroy or his minor children. CP at 2.

## II. CONTEMPT HEARINGS

In May 2022, Benroy filed a motion for an order of contempt. In his motion, Benroy claimed that Brian had created a Change.org petition calling for Benroy to be arrested for "sex crimes against a child" and a Facebook page titled "Beware.B.Wolk" which accused Benroy of grooming, molesting, and raping his wife's relative. *Id.* at 28, 41, 82 (boldface and italics omitted). Benroy also claimed that Brian failed to complete the mental health evaluation and requested attorney fees from Brian. At the hearing on this motion, the superior court weighed whether Brian's online posts constituted cyber harassment or cyber stalking. The superior court found Brian in contempt for violating the 2021 DVPO by posting the Change.org petition and Facebook page.

The order instructed Brian not to refer "at any time or in any manner to Ben Wolk (or his children)." *Id.* at 136. It also required Brian to obtain a mental health evaluation "within 45 days of July 22, 2022" and set a compliance hearing for September 2022. *Id.* The court clarified that it was not finding Brian in contempt for failing to receive a mental health evaluation, because it was not aware whether Brian had the ability to complete it. The court did not award attorney fees but reserved judgment on the issue "depending [on] what happens at the next compliance hearing." VRP at 65.

The superior court conducted multiple compliance hearings following its first contempt finding. In October 2022, the trial court found that Brian was not "fully in compliance" with the requirement that he obtain a mental health evaluation; he had "started the process" by completing an intake appointment, but Brian advised the court that it would take several weeks to complete the recommended treatment. CP at 138; VRP at 72. The superior court reminded Brian "not to espouse his or any beliefs regarding Ben Wolk" and to remove "all web related material regarding Ben Wolk," as the Facebook page was still online. CP at 138-39.

In January 2023 and February 2023, the superior court conducted two more compliance hearings. By February, Brian stated that he had removed the posts from Change.org and Facebook. Benroy's counsel stated that they believed Brian had been evaluated because someone "reached out to Mr. Ben Wolk and did a whole interview with him," but that Brian had not provided proof of the evaluation to the court. VRP at 92-93. The superior court stated that it was not clear if Brian had completed the evaluation/treatment requirement and simply had not provided the results to the court, or if he had not yet completed the evaluation at all. As the 2021 DVPO did not expressly require Brian to show proof of completion to the trial court, the superior court felt its hands were

4

tied in terms of what relief it may grant to Benroy for contempt. Ultimately, it awarded attorney fees to Benroy.

### III. DVPO RENEWALS

In June 2023, Benroy filed a motion for renewal of the 2021 DVPO. He claimed that Brian had still not complied with the mental health requirement and that Brian did not stop harassing Benroy, either directly or "through others." CP at 170 (capitalization omitted). Benroy stated at the renewal hearing that he was harassed in the grocery store by "a friend of Brian's," and that Benroy had obtained an anti-harassment order against the person. VRP at 104. The superior court stated that it did not have "any documentation that showed [Brian] even attempted to comply" with the mental health evaluation and treatment requirement. *Id.* at 108. Based on this lack of information, the multiple findings of contempt against Brian, and Benroy's allegations that Brian was still violating the order, the trial court extended the 2021 DVPO for another year.

Benroy moved to renew the 2021 DVPO again in June 2024. Benroy attached multiple exhibits to his motion, including a report of a violation of the Ethics in Public Service Act that Brian had made against one of Benroy's colleagues. Benroy also attached security reports from his alma mater, detailing incidents in which Brian accosted college staff, mentioned Benroy, harassed students, and was escorted out of a public board meeting for disorderly behavior. Finally, Brian posted a letter on Substack in January 2024, calling for Benroy to be prosecuted for child molestation.

Brian filed a response to Benroy's motion for renewal. He argued that he had tried to comply with every requirement of the original DVPO and asked the court to "narrowly tailor" the DVPO to avoid restricting protected speech. CP at 229. He asserted that the trial court's

instructions from the contempt orders were overbroad, that the original DVPO made a prior restraint on his speech, the DVPO unconstitutionally prevented him from publishing public records, and that Benroy "abuse[d]" the DVPO by asking the court to restrict Brian's activities. *Id.* Brian also responded to the allegations that Benroy made in his motion to renew; he stated that they were either irrelevant, constitutionally protected activities, or falsehoods. Brian stated that circumstances had changed substantially since the original DVPO was created because he had taken down all the posts that violated the order, including the Substack post, and he had completed a 12-week domestic violence program. He also mentioned that Benroy had spread negative information about Brian on the internet and asserted that this context undercuts Benroy's claim that Brian should not be allowed to post about Benroy online.

In July 2024, the superior court conducted a hearing on Benroy's motion to renew. The court stated that the mental health records that Brian had filed were almost completely redacted, and the court could not ascertain "whether or not that's a valid test or a valid evaluation." VRP at 115. The trial court stated that Brian had not demonstrated a substantial change in circumstances based on the information he had filed. Brian argued that he had "privacy concerns" about the mental health evaluation and asked that the court review the document in camera, but the court refused. *Id.* at 116. The trial court renewed the DVPO for another two years based on Brian's multiple violations since the order was first entered and the redacted mental health evaluation.

Brian appeals the order renewing the DVPO.

ANALYSIS

*A. Legal Principles*

We review the renewal of a DVPO for an abuse of discretion. *Barber v. Barber*, 136 Wn. App. 512, 513, 150 P.3d 124 (2007). A protected party may request that the superior court renew a DVPO against the restrained party within 90 days before the DVPO's expiration. RCW 7.105.405(1).[3] The superior court must renew the DVPO unless the restrained person can prove "by a preponderance of the evidence that there has been a substantial change in circumstances" and that the restrained party "will not resume acts of domestic violence against the petitioner [or the petitioner's minor children] when the order expires." RCW 7.105.405(4)(a). In making such a determination, the superior court may consider "whether the retrained party has violated the DVPO." *Prussak v. Prussak*, 27 Wn. App. 2d 451, 459, 536 P.3d 199 (2023). The superior court may also consider "[o]ther factors relating to a substantial change in circumstances," which we have interpreted to include stressors like financial disputes and disagreements about shared children. RCW 7.105.405(5)(g); *Prussak*, 27 Wn. App. 2d at 459.

*B. Application*

Brian challenges the superior court's mental health requirements, the language it used during the renewal hearing, and the requirements of the original DVPO. We address each in turn and hold that the trial court did not abuse its discretion by renewing the DVPO. We are unable to analyze many of Brian's other arguments, both because he fails to cite authority and because the original DVPO (and subsequent contempt findings) are not before us.

---

[3] RCW 7.105.405 has been amended since the 2021 DVPO. Because these amendments do not affect our analysis, we cite to the current version of the statute. LAWS OF 2024, ch. 298, § 13; LAWS OF 2025, ch. 122, § 3.

## 1. The superior court's finding of noncompliance with the DVPO's mental health evaluation requirement

Brian first asserts that the trial court retroactively amended the original DVPO's mental health evaluation requirement in the contempt hearing in July 2022, by requiring that Brian's evaluation be completed by a mental health professional with a Ph.D. and that the evaluation be submitted to the court. Brian also argues that at the DVPO renewal hearing in July 2023, the trial court "arbitrarily reneged" on its statement from February 2023 that Brian had "made steps toward complying" with the evaluation requirement. Br. of Appellant at 11. Finally, Brian contends that the trial court erred by requiring that Brian file an unredacted copy of his mental health evaluation, or, in the alternative, that the trial court erred by refusing an in camera review of Brian's evaluation.

Brian has assumed that we are required to reach issues arising from previous contempt hearings without citing any authority to the effect. Because we can evaluate whether the trial court abused its discretion by renewing Benroy's DVPO without considering the earlier issues, we decline to address the alleged retroactive amendment of Benroy's original DVPO and the trial court's statements from February 2023. We reach only the arguments required to resolve whether Brian met the burden to show that the DVPO should not be renewed.

To avoid renewal of the DVPO, Brian was required to prove by a preponderance of the evidence that circumstances had substantially changed since the DVPO was first issued and that he would not resume acts of domestic violence once the order expired. RCW 7.105.405(4)(a). The document Brian provided to the superior court, which he asserts is proof of his completed mental health evaluation, is heavily redacted. The trial court indicated that it could not determine, based on this document, if Brian had complied with the court's requirements. Brian's noncompliance

8

with the mental health evaluation requirement alone is sufficient grounds for renewal of the DVPO, RCW 7.105.405(5)(b), and certainly does not demonstrate a change of circumstances since the DVPO was first entered.

Even if the superior court were able to ascertain compliance based on the information Brian provided, he has not met the statutory requirement for overcoming the renewal of the DVPO. The trial court stated that Brian's response to Benroy's petition demonstrated no change because Brian was "rehashing the original action all over again." VRP at 115. Additionally, the security reports from Benroy's college may be another "factor[ ]" that demonstrates the circumstances have not changed. RCW 7.105.405(5)(g). Brian is still apparently fixated on his father and has acted erratically as a result. Given the superior court's inability to determine if Brian had met the mental health requirements and Brian's failure to show that circumstances have substantially changed, we hold that the superior court did not abuse its discretion by renewing the DVPO.

2. The superior court's statement regarding Brian's "several" violations

Brian next asserts that the trial court's finding that Brian had violated the protection order is "baseless and capricious" because the trial court stated that Brian violated the DVPO "a couple" of times, then shortly thereafter stated that Brian violated the DVPO "several" times. Br. of Appellant at 20; VRP at 118. Brian argues that the trial court "escalat[ed]" the degree to which he had not complied with the DVPO, as the record had only indicated two violations at that point. Br. of Appellant at 20. We decline to address this issue, as Brian has not cited any authority which

9

holds that a court's usage of two phrases interchangeably renders a renewal of a DVPO "baseless and capricious." *Id.[4]*

3. The alleged constitutional and statutory violations in Benroy's DVPO

Brian alleges that the trial court relied on constitutionally protected activity in granting the original DVPO. Brian also contends that the trial court's findings of contempt based on online postings that Brian made about Benroy from July 2022 and October 2022 violated the First Amendment to the United States Constitution and article I, section 5 of the Washington Constitution by placing a prior restraint on speech. Finally, he asserts that the orders of contempt and awarding attorney fees violated RCW 4.24.510 by punishing a protected government petition.

These arguments are outside the scope of our review, as they arise from orders that are not on appeal. Even if we were to reach these claims and conclude that the original DVPO and subsequent contempt orders contained unconstitutional provisions, Brian has not shown that the renewal of his DVPO was based *in whole* on the issue of speaking about Benroy. As previously stated, Brian had a burden to show that there had been a substantial change in circumstances and that he would not resume acts of domestic violence. RCW 7.105.405(4)(a). The superior court decided that Brian did not meet his burden and renewed the DVPO in part because it could not ascertain whether Brian had complied with the requirement that he obtain a mental health evaluation and complete recommended treatment. The constitutional arguments listed by Brian were not necessary to that determination, and we therefore do not address them on appeal.

---

[4] Where, as here, "no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that [ ] after diligent search," none have been found. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

No. 60055-2-II

CONCLUSION

The superior court did not abuse its discretion by renewing the DVPO against Brian because Brian failed to demonstrate by a preponderance of the evidence that circumstances had substantially changed and that he would not resume acts of domestic violence if the DVPO expired. We decline to consider Brian's other arguments because he fails to cite authority to support his contentions and raises issues that do not arise from the order on appeal. Further, even if the constitutional issues that Brian raises were properly before us, he has not shown that the trial court abused its discretion. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
CRUSER, C.J.

We concur:

_____
LEE, J.

_____
PRICE, J.

11